UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Judgment Creditor, | |
| v. | |
| EMMANUEL O. ASARE and SPRINGFIELD MEDICAL AESTHETIC PC, | |
| Judgment Debtors, | |
| and | |
| TD BANK, N.A., | |
| Garnishee. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2022

15 Civ. 3556 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 25, 2022, the Court scheduled a hearing for July 28, 2022, ECF No. 282, and engaged in the following conversation with the parties via email. On July 25, 2022, the Court requested the names of any witnesses the parties anticipated calling at the hearing scheduled for July 28, 2022, ECF No. 282. In response, the Government noted that, pursuant to 28 U.S.C. § 3014(b)(2), the Judgment Debtors bear the burden of persuasion that the claimed exemptions apply. However, it also stated that it may call Matthew Suhocki, a senior investigator in the Financial Litigation Program, as a witness, "depending [on] what evidence [Judgment Debtor Asare] presents" at the hearing. Judgment Debtors then wrote that Judgment Debtor Asare would "be testifying on behalf of himself." They also stated that "[t]his evening was the first [Judgment Debtor] Asare heard of the [G]overnment having or intending to call an expert witness." They argued that they are entitled to discovery under the Federal Rules of Civil Procedure "so [Judgment Debtor Asare] can defend his interests in his property." Specifically, they requested to take the deposition of Mr. Suhocki. In this email, Judgment Debtors cite two out of circuit cases for the proposition that any proceeding under the Federal Debt Collection Procedure Act "is a civil action."[1]

On July 26, 2022, Court requested the Government to respond, and also sought clarification regarding whether Judgment Debtor Springfield Medical Aesthetic PC was claiming exemption because Judgment Debtor's prior email focused on Judgment Debtor Asare and was written in the singular. Judgment Debtors responded, stating "[o]nly [Judgment Debtor] Asare is claiming exemptions." The Government replied, first clarifying that Mr. Suhocki would testify as a fact witness, and second stating that neither the Federal Rules of Civil Procedure nor the Federal Debt Collection Procedures Act (the "FDCPA") "permits the judgment debtor to take

---

[1] Judgment Debtors cited "*See United States v. Timilty*, 148 F.3d 1, 5 (1st Cir.1998), *U.S. v. Yielding*, 657 F.3d 722, 726 (C.A.8 2011)."

post-judgment discovery from the judgment creditor." The Government also disclosed that it would be seeking a surcharged of 10% of the debt balance pursuant to 28 U.S.C. § 3011.

The Court, having construed Judgment Debtor's request to depose Mr. Suhocki as being predicated on him testifying on as an expert witness then stated: "The Court finds that Mr. Suhocki would be testifying, if at all, as a fact witness. Therefore, [Judgment Debtor] Asare's request to conduct a deposition because Mr. Suhocki would testify as an expert witness is DENIED." Judgment Debtors responded, writing that Judgment Debtor "Asare is not seeking discovery for a proceeding under [New York Civil Practice Law & Rules §] 52." They reiterated that the garnishment proceeding is a civil proceeding and, therefore, that the Federal Rules of Civil Procedure apply. Further, they stated that Mr. Suhocki being "a fact witness does not reduce the need for or right to his deposition. This is civil proceeding where the Fed.R.Civ. P. gives the Respondent a right to discovery." However, Judgment Debtors do not cite any authority to support their argument; rather, they accuse the Government of not citing authority and of creating a "calculated surprise in the first order."[2]

The Court has reviewed the parties' arguments and finds that Judgment Debtors are not entitled to discovery. The FDCPA provides that "[e]xcept as provided otherwise in this chapter, the Federal Rules of Civil Procedure shall apply with respect to actions and proceedings under this chapter." 28 U.S.C. § 3003(f). For an action to claim on a debt, § 3015 allows the United States to conduct into the financial condition of the debtor. Further, Federal Rule of Civil Procedure 69, the applicable rule for the excitation of a money judgment, provides for discovery, however, the discovery is limited to that "in aid of the judgment or execution." Specifically, it states that "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69. Nowhere does the statute or rules provide for discovery *against* the judgment creditor by the judgment debtor. *See United States v. Badoolah*, No. 12 Cr. 774, 2021 WL 3675147, at *4 (E.D.N.Y. Aug. 19, 2021) (finding that the FDCPA permits "the government . . . [to] invoke the Federal Rules of Civil Procedure to seek discovery against a defendant who owes" against a judgment) (collecting cases).

Accordingly, Judgment Debtor Asare's request to take discovery against the Government is DENIED. The hearing shall proceed as scheduled.

SO ORDERED.

Dated: July 27, 2022
New York, New York

ANALISA TORRES
United States District Judge

---

[2] Judgment Debtors state for the first time that there are creditors with "senior [liens] to the Government's liens," and that the Government failed to serve or name these "senior secured creditors . . . in this proceeding which affects their property interests." They also attached two UCC Financing Statements for Judgment Debtor Springfield Medical Aesthetic, PC, one for secured party U.S. Small Business Administration dated June 11, 2020, and one for secured party First Corporate Solutions dated August 4, 2021. Finally, they cite 11 U.S.C. § 363(c)(2) and (e) for the proposition that "[o]rdinarily the law gives senior creditors an opportunity to protect their interests." However, they cite no such requirement under the FDCPA. Therefore, this argument is without merit.